UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN W. LUMSDEN, #147753,

       Petitioner,

Case No. 2:07-cv-10140
Judge Denise Page Hood

v.

MARY BERGHUIS,

       Respondent.

_____/

**ORDER DENYING HABEAS RELIEF
AND
DENYING PETITIONER'S MOTION TO STAY PROCEEDINGS**

This matter is before the Court on Petitioner's Response to Motion Denying Order to Stay as Moot **[Docket No. 11, filed Sept. 9, 2008]**, which this Court construes as a subsequent motion to stay the current proceedings. This matter is also before the Court on Petitioner's *Pro Se* Habeas Corpus Petition **[Docket No. 1, filed Jan. 9, 2007]**. Petitioner, Alan W. Lumsden, a Michigan state prisoner currently confined at Ionia Maximum Security Correctional Facility in Ionia, Michigan, has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. Petitioner was convicted of two counts of first-degree felony murder, two counts of armed robbery, and one count of felony firearms. He was sentenced to life without parole, one hundred to two hundred years, and a mandatory two year term, respectively. On November 29, 1989, the Michigan Court of Appeals affirmed the conviction, but vacated the Petitioner's two sentences on the armed robbery convictions. *People v. Lumsden*, No. 106529 (Mich Ct. App. November 29, 1989) (unpublished). However, it appears that Petitioner failed to appeal his conviction to the Michigan Supreme Court.[1]

---

[1] The Petitioner did not include any information regarding his Supreme Court appeal; the only evidence regarding any appeal of the original Wayne County Conviction comes from the

On May 1, 2007, this Court issued an order to show cause within twenty-one(21) days from the date of the order as to why this case should not be dismissed on failure to exhaust state court remedies and/or statute of limitations grounds. On May 23, 2007, Petitioner filed a motion to extend the time in which to respond to the show cause order for a period of forty-five to sixty days. The reasons Petitioner cited for requiring an enlargement of time in which to respond were: (1) lack of legal knowledge; (2) reliance upon a Michigan Department of Corrections ("MDOC") certified legal writer who was otherwise busy working full time in the food service department of his prison facility; (3) indigency; (4) lack of full access to the prison law library; (5) lack of time in which to respond due to his full-time prison assignments; and (6) lack of time in which to respond due to his work in pursuing another pending habeas matter in this court challenging a different conviction, *Lumsden v. Berghuis*, No. 2:06-cv-14966 (E.D. Mich. Nov. 3, 2006) (Tarnow, J.)[2] Petitioner did not submit a response to the Court's show cause order, nor did the Court address Petitioner's first motion for extension.

On July 23, 2007, Petitioner filed a second motion for extension requesting another forty-five to sixty days to respond to the Court's show cause order, citing the same reasons for delay. Petitioner again did not submit a response to the Court's show cause order within the time frame he

---

Wayne County Circuit Court opinion of Judge Michael M. Hathaway denying Lumsden's Motion for Relief from Judgment. *Michigan v. Lumsden*, No. 91-500045-01 (Wayne County Circuit Court, July 1, 2004) ("It appears from the files and records of this court, that defendant thereafter unsuccessfully sought application for leave with the Michigan Supreme Court.").

[2]In the 2006, habeas case, at trial in Washtenaw County, Petitioner was convicted of first-degree murder and armed robbery. In the instant habeas case, Petitioner is challenging his conviction in Wayne County for first-degree felony murder, armed robbery and felony firearm. The offenses in both Washtenaw County and Wayne County arose from events occurring on the same day, September 22, 1985. Petitioner was sentenced on June 27, 1986 in Washtenaw County. Petitioner was sentenced on November 20, 1987 in Wayne County.

requested. The Court addressed Petitioner's second motion for an extension in its March 20, 2008 Order by granting the Petitioner's request and giving him until May 1, 2008[3] in which to respond to the show cause order.

On April 17, 2008, Petitioner filed a third Motion to Stay Proceedings **[Docket No. 9]** indicating that a resolution of the other habeas case, *Lumsden v. Berghuis,* No. 2:06-cv-14966, might also resolve this matter. In that matter, the Petitioner filed objections to the Magistrate Judge's Report and Recommendation ("R&R"), (issued July 18, 2008) which recommended denying habeas relief. On August 25, 2008, Judge Tarnow adopted the R&R, and denied the Petitioner's habeas relief.

On August 28, 2008, this Court entered an Order finding moot the third motion for extension because Judge Tarnow had issued his order. The August 28, 2008 Order again directed the Petitioner to show cause as to why his Petition should not be dismissed on statute of limitations and exhaustion grounds. Instead, Petitioner filed a fourth motion again seeking to stay these proceedings "until review is done by the Sixth Circuit Court of Appeals," in the matter before Judge Tarnow.

This Court has granted Petitioner four extensions of time to respond to its initial order to show cause. The case pending before the Sixth Circuit Court of Appeals, and its ultimate resolution have no apparent bearing on the habeas petition currently pending before this Court. While this Court recognizes that the convictions in both Washtenaw and Wayne County arose from crimes committed on the same day, these crimes were tried and convicted in two different jurisdictions. As such the resolution of the appeal before the Sixth Circuit has no bearing on the resolution of the

---

[3]Although the Order extends the time to May 1, *2007*, it is clear *2007* is an error since the Order was entered on March 20, *2008*.

instant matter. This Court finds that the Petitioner has failed to demonstrate how the delay warrants another stay of the current proceedings.

The Petitioner has further failed to demonstrate why his habeas petition should not be dismissed for failure to exhaust state remedies and/or on statute of limitations grounds. Although it appears that Petitioner may have partially proceeded through the appellate process, he has not submitted any evidence that his leave to appeal was denied by either the Michigan Court of Appeals, nor the Supreme Court of Michigan. In any event, the Petitioner would also be barred on statute of limitations grounds as his conviction became final on January 1, 1988, 42 days after the trial court entered judgment on the conviction. MCR 7.204(A)(2)(c). Petitioner had until January 1, 1989, to file his petition for writ of habeas corpus in this Court, and failed to do so until January 9, 2007. Because it appears that Petitioner's one year period expired on January 1, 1989 and his motion was filed approximately 14 years later, his motion for relief from judgment does not serve to revive the limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Accordingly,

**IT IS ORDERED** that Petitioner's Response to Motion Denying Order to Stay as Moot **[Docket No. 11, filed Sept. 9, 2008]** is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's *Pro Se* Habeas Corpus Petition **[Docket No. 1, filed Jan. 9, 2007]** is **DISMISSED** pursuant to 28 U.S.C. § 2244(d) and 28 U.S.C. § 2254(b)(1)(A), as previously set forth in this Court's May 1, 2007 Order.

                                        S/Denise Page Hood
                                        Denise Page Hood
                                        United States District Judge

Dated: October 29, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and

**Alan Lumsden** #147753
IONIA MAXIMUM CORRECTIONAL FACILITY, Central Complex,  1576 W. BLUEWATER HIGHWAY, IONIA, MI 48846

on October 29, 2008, by electronic and/or ordinary mail.

        S/Lisa Ware for William F. Lewis
        Case Manager