UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN W. LUMSDEN, #147753,

       Petitioner,

v.                                          Case No. 2:07-CV-10140
                                          Honorable Denise Page Hood
                                          Magistrate Judge Mona K. Majzoub

MARY BERGHUIS,

       Respondent.

_____/

## OPINION & ORDER DENYING PETITIONER'S
## MOTION FOR RECONSIDERATION

       Petitioner filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. §2254. On October 29, 2008, the Court denied Petitioner's motion for a stay of proceedings and denied habeas relief. **[Docket No. 12]**. Pending before the Court is Petitioner's "Motion to Reconsider Motion to Stay Proceedings and Reinstate Habeas Corpus." **[Docket No. 14, filed Nov. 14, 2008]**. For the reasons below, the Court denies the motion.

       Local Rule 7.1(h) allows a party to file a motion for reconsideration. E.D. Mich. LR 7.1(h). However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Czajkowski v. Tindall & Associates, P.C.*, 967 F.Supp. 951, 952 (E.D.Mich.1997). The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled, but also show that a different disposition of the case must result from

a correction of any such defect. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F.Supp. 426, 427 (E.D.Mich.1997).

When Petitioner filed this action, he had another habeas case, pending in front of Judge Arthur J. Tarnow, which challenged a Washtenaw County conviction. *Lumsden v. Berghuis,* No. 06-14966 (E.D.Mich.) (Tarnow, J.). The matter was referred to Magistrate Judge Paul J. Komives for preparation of a report and recommendation. In the 2006 habeas case, Petitioner was convicted of first-degree murder and armed robbery. In the instant habeas case, Petitioner challenges his Wayne County conviction for first-degree felony murder, armed robbery and felony firearm. The offenses in both Washtenaw County and Wayne County arose from events occurring on the same day, September 22, 1985. Petitioner was sentenced on June 27, 1986 in Washtenaw County; and he was sentenced on November 20, 1987 for the Wayne County convictions. Magistrate Judge Komives issued a report and recommendation denying habeas relief; and the order was adopted by Judge Tarnow on August 25, 2008.

On October 7, 2008 **[Docket No. 47, Case No. 06-14966]**, Judge Tarnow granted Petitioner a certificate of appealability and permitted him to proceed *in forma pauperis* on the sole issue of whether the "prosecutor unconstitutionally suppressed evidence that someone other than Lumsden [ ] committed the killing." Petitioner claims that this ruling by Judge Tarnow supports the Court's reinstatement of his habeas petition and staying the matter pending a resolution by the United States Court of Appeals for the Sixth Circuit. The Court disagrees and finds no palpable defect in its October 29, 2008 order denying relief.

The case pending before the Sixth Circuit Court of Appeals and its ultimate resolution have no apparent bearing on the instant habeas petition. While the Court recognizes that the convictions in both Washtenaw and Wayne County arose from crimes committed on the same day, these crimes were tried and convicted in two different jurisdictions, by two different juries, by two different

defense attorneys, and by two different prosecutors.

Additionally, both the 2006 and 2007 habeas petitions had statute of limitation problems. However, the 2006 case was able to survive the procedural bar because of Petitioner's inability to discover the suppression issue in a timely manner. This is the same issue, prosecutorial suppression of evidence, upon which Petitioner has been permitted to proceed on appeal in the Sixth Circuit.

In this case, however, Petitioner raises ten (10) issues, and not one of them involve any prosecutorial suppression claims or a defense to the statute of limitation bar. Therefore, the only issue upon which Petitioner's claim has been allowed to proceed in the Sixth Circuit, is not asserted in the instant habeas case.

Finally, Petitioner fails to show that his habeas petition is not barred by the statute of limitations. The documents attached to Petitioner's reconsideration motion do not demonstrate any time-tolling collateral attacks relative to his November 1987 state court conviction prior to his motion for relief from judgment being filed in August 2003.

Accordingly,

**IT IS ORDERED** that Petitioner's "Motion to Reconsider Motion to Stay Proceedings and Reinstate Habeas Corpus" **[Docket No. 14, filed Nov. 14, 2008]** is **DENIED.**

S/Denise Page Hood  
Denise Page Hood  
United States District Judge

Dated: February 26, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record and Alan Lumsden, Reg. No. 147753, Ionia Maximum Correctional Facility, 1576 W. Bluewater Hwy., Ionia, MI 48846 on February 26, 2009, by electronic and/or ordinary mail.

S/William F. Lewis  
Case Manager